IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| People of the State of Illinois, | |
| Plaintiff, | Case No. 18-CV-7106 |
| v. | Judge Jorge L. Alonso |
| Sharon R. Lloyd, | |
| Defendant. | |

## ORDER

For the reasons stated below, defendant Sharon R. Lloyd's application to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(e)(2), to the extent that any action is pending in the Circuit Court of Cook County, this matter is remanded. In the alternative, it is dismissed. Civil case terminated.

## STATEMENT

Before the Court is Defendant's application for leave to proceed *in forma pauperis* ("IFP"). [Dkt 3.] Defendant attests under penalty of perjury that she is not employed and has not previously been employed, neither possesses nor has received more than $200 received from any source in the past year, and that she owns no real estate. [*See id*.] Her application demonstrates her indigence and is thus granted.

Because Defendant seeks to proceed IFP, the Court must review her filings and dismiss the case if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court is mindful of its obligation to construe *pro se* filings liberally. *See Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

Accordingly, the Court has carefully reviewed Defendant's Notice of Removal and her related submissions and concludes that even under the liberal standards afforded her, it fails to establish this Court's jurisdiction and state a claim upon which relief may be granted. Defendant began this action with a notice of removal and purported counterclaim based on her stop by Chicago Police and the issuance of certain moving violations against her in September 2018. [*See* dkt 1.] Although it is unclear from her submission, it appears Defendant is attempting to remove the Circuit Court of Cook County Municipal Department proceedings related to the moving violations. [*See id.* at 6 ¶ 1.] Attached to her Notice of Removal is what purports to be an affidavit of claim, a statement of removal and counterclaim, a Circuit Court of Cook County order reflecting Defendant's name change, and certain other items related to the tickets she apparently was issued

and the land patent she claims. Also attached is what appears to be a City of Chicago Department of Administrative Hearings finding of no probable cause, but that document does not appear to relate to the tickets she cites.

In her submission, Defendant complains that that she is a land patent holder who was "forcibly detained and the private automobile she was traveling freely in, and parked the automobile in her private LOT, coerced to create a $2,000.00 bond, and fraudulently charged for exercising her right to free travel." [*Id.* at 6 ¶ 2.] She alleges that she told police that "the only way she was getting out of her private automobile and leaving her private LOT with them was in exchange for $33 billion USD's or gold." [*Id.* at 3 ¶ 10.] Police nevertheless took her to a police station and required her "to create and sign in a dead man's language" to be released from their false imprisonment. [*Id.* at 4 ¶ 14.] Citing numerous federal criminal statutes, she seeks $33 billion dollars and the dismantling of the charter of the Chicago Police Department. [*Id.* at 13.]

A district court's "first duty in every lawsuit" is to establish the existence of subject matter jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Here, the Court sees none. To the extent any action regarding the tickets Defendant was issued is proceeding in the Circuit Court of Cook County, this Court may not interfere. *See Younger v. Harris*, 401 U.S. 37 (1971). Instead, any constitutional challenge Defendant asserts may be raised before the Circuit Court. To the extent the Circuit Court of Cook County proceeding on the tickets has concluded, there is no action to remove to federal court. Further, in various places Defendant alleges she also represents a trust in her name. Although Defendant may litigate *pro se*, she may not represent another person or entity. *See e.g., Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.").

Moreover, to the extent Defendant's claims are based on the assertions that she owns the private property on which the tickets were issued, her attestations to the contrary in her IFP application were false and warrant dismissal. *See* 28 U.S.C. § 1915(e)(2)(A).

Accordingly, to the extent any action is pending in the Circuit Court of Cook County, this matter is remanded. In the alternative, it is dismissed. Civil case terminated.

Date: 11/29/2018

_____
Jorge L. Alonso
United States District Judge